a IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ARCHIE CLEVELAND JONES, JR.**                                           **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 3:19CV256 CWR-LRA**

**DWAIN BREWER**                                                          **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Archie Jones, Jr. seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent asserts that the petition is time-barred pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996. Alternatively, Respondent argues that Petitioner's claims are procedurally defaulted for failure to exhaust administrative remedies. After a review of the record and the applicable law, the undersigned recommends that the petition be dismissed with prejudice.

In 2017, Jones entered a guilty plea in Rankin County Circuit Court to "possession of five kilograms or more of marijuana, as a lesser included offense of trafficking in controlled substances by possessing more than one (1) kilogram of marijuana with intent to distribute." He was sentenced to a 30-year term of imprisonment in the custody of the Mississippi Department of Corrections ("MDOC"), with 22 years suspended and 5 years of supervised probation. Aggrieved, Jones filed a motion for post-conviction relief in the Rankin County Circuit Court on February 16, 2018 (signed February 8, 2018), challenging his guilty plea. He asserted, *inter alia*, that the "government agent" lacked probable cause and "'conducted' [an] illegal traffic stop." The circuit court concluded

that Jones was not entitled to any relief and denied the motion pursuant to Miss. Code Ann. § 99-39-11(2) on March 5, 2018. Nothing of record indicates that Jones filed an appeal.[1]

On October 15, 2018, Jones filed a second[2] post-conviction motion (signed October 9, 2018) in the Rankin County Circuit Court asserting illegal search and seizure; Sixth Amendment violations; "unlawful signing of a waiver;" and, involuntary-plea claims. The motion was denied as a successive writ on October 23, 2018. Jones did not appeal.[3]

On December 26, 2018, Jones filed the present action naming the Rankin County Assistant District Attorney; the officer who conducted his traffic stop; and, his trial counsel as defendants. In his prayer for relief, he sought, *inter alia*, the expungement of his guilty plea; compensatory and punitive damages; release from custody; and, the return of all seized properties. On April 12, 2019, United States District Judge Halil S. Ozerden entered an order severing Jones's 42 U.S.C. § 1983 claims and opened the instant § 2254 action. *See Jones v. Williams*, et al., No. 3:18CV884 HSO-JCG. Warden Dwain Brewer, Jones's custodian at the time, was substituted as the proper Respondent on May 21, 2019.

---

[1] ECF No. 10-1— 10-6.

[2] Prior to his second post-conviction motion, Jones filed a motion in the Rankin County Circuit Court, entitled "Petition for Parole Eligibility Date." The motion was signed June 14, 2018, and docketed as "filed" on July 10, 2018. Citing a lack of jurisdiction to consider parole matters, the circuit court dismissed the motion on July 13, 2018. The court further held, that ["t]o the extent the court has jurisdiction and the petition merely seeks relief pursuant to Miss. Code Ann. § 47-7-3(g)(iii)(as amended), the Court declines to recommend to the Parole Board that defendant be paroled." ECF No. 10-8.

[3] ECF No. 10-9—10-10.

The law is well settled. Applicants seeking federal habeas relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[4] *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 450 U.S. 1056 (1983). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

As noted above, the Rankin County Circuit Court denied Jones's post-conviction motions on March 5, 2018, and October 23, 2018, respectively. Rule 4 of the Mississippi Rules of Appellate Procedure provides that a notice of appeal "shall be filed with the

---

[4] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that

    (A)   the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i)  there is an absence of available State corrective process; or
        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
          . . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Miss. R. App. P. 4.  To fully exhaust, Jones was required to file his respective appeals no later than April 5, 2018, and November 23, 2018.  By failing to do so, Jones failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O' Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Any attempt to return to the state courts to complete the review process now would be futile.  The time for filing a petition for appealing the Rankin County Court's decision has long lapsed.  *See* Miss R. App. P. 4.

When state remedies are rendered unavailable by Petitioner's own procedural default, or when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review."  *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993)); *see also Coleman v. Thompson*, 501 U.S. 722, 736 n.1 (1991).  To overcome the default, Jones would have to show "cause for the default and actual prejudice" or that "failure to consider the claim will result in a fundamental miscarriage of justice."  *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998).  No such showing has been made here.

To establish cause, there must be something external to the petitioner, something that cannot fairly be attributed to him.  *Thompson*, 501 U.S. at 753.  In his amended petition, Jones asserts that he "tried to file the paperwork for post-collateral conviction relief, but [he] was moved to another facility and missed the time line[.]"  In response to

4

the motion to dismiss, Jones reiterates that he did not timely appeal because "when [he] was in Green County [the location of South Mississippi Correctional Institution ("SMCI"], [he] did not get any of [his] mail in a timely manner. They would withhold [his] mail for one and sometimes two or three months at a time[,] and by the time [he] received [his] mail[,] the timeline had already expired." However, copies of Jones's Drill Down Report and housing history show that he was transferred to SMCI on April 16, 2018, after the time for appealing his first post-conviction motion had expired. As to the October 23rd order denying his second post-conviction motion, Respondent has produced the SMCI mail-log showing that Jones received mail from the Rankin County Circuit Clerk's Office on October 26, 2018, October 29, 2018, November 13, 2018, and, November 14, 2018—all of which fall within the 30-day period permitted for filing an appeal. Jones does not dispute or otherwise respond to this argument. Nor does he identify any other external impediment which prevented him from exhausting his claims. Even accepting the mail-delay allegations as true, in the months following his release, Jones has not requested this Court hold his petition in abeyance pending exhaustion in state court, and nothing of record indicates that has he has sought leave to file a motion for an out-of-time appeal in state court. Jones has failed to establish cause for his procedural default. Absent a showing of cause, this Court need not consider whether he suffered actual prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).[5]

---

[5] ECF No. 7, p. 5; ECF No. 11, p.1; ECF No. 14-1—14-2.

Jones also fails to demonstrate that failure to consider his habeas claims on the merits will result in a fundamental miscarriage of justice. The miscarriage of justice exception is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995)). Actual innocence claims must be supported with new, reliable evidence that was not presented at trial and a petitioner must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 644. No supporting evidence has been presented in this case.

Moreover, the docket in Jones's § 1983 case reflects that Petitioner has now been released from custody. On August 29, 2019, he filed a notice of change of address in that action indicating that he intended to continue with his § 1983 claims. Notably, no such letter has been submitted by Jones advising of his intention to proceed with his habeas petition in the instant case. On the contrary, Jones has not filed any submissions or communicated with the Court regarding his § 2254 petition since his release from custody.

Petitioner's release from custody does not necessarily render this action moot. *Johnson v. Pettiford,* 442 F.3d 917, 918, n.2 (5th Cir. 2006) (citing *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (observing that courts must determine, *sua sponte*, if necessary, if a case presents a live controversy or must be dismissed for lack of jurisdiction)). Because he was ordered to serve a period of supervised release following his incarceration, he remains "in custody" until its

6

expiration. However, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Pettiford*, 442 F.3d at 918 (citing *Ojo v. INS*, 106 F.3d 680, 681 n. 2 (5th Cir.1997) (holding that petitioner who had completed his prison term and was in his three-year term of supervised release was "in custody" for habeas purposes). Although Jones has not asserted a continuing injury necessitating a habeas remedy since his release, courts have held that "[f]or purposes of Section 2254, 'a criminal conviction is moot only if it is shown that there is no possibility that any collateral consequences will be imposed on the basis of the challenged conviction. . . . [T]he mere possibility of such adverse consequences is enough to preclude a finding of mootness.'" *Wright v. Epps*, No. 1:13–CV–584–KS–MTP, 2014 WL 4411635, at *1 (S.D. Miss. Sept. 4, 2014) (quoting *Carter v. Procunier*, 755 F.2d 1126, 1130 (5th Cir.1985)); *see also Delker v. Fisher*, No. 3:13-CV-920-CWR-LRA, 2015 WL 880629, at *2, n.2 (S.D. Miss. 2015).

It is surmised that Jones may have lost interest in pursuing his habeas claims. In contrast to his § 1983 action, he has not expressed an intent to proceed. Nor has he filed any pleadings or inquired into the status of his habeas case since his release from custody nearly five months ago. But as procedural default has been shown, the undersigned makes no finding regarding Petitioner's failure to prosecute.

As Jones's petition sets forth no basis to overcome the procedural default, his petition should be dismissed with prejudice without review of the merits. Therefore, Respondent's alternative argument that the petition should be dismissed as untimely need not be addressed.

7

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on January 31, 2020.

s/ Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE